UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IANA KIM                                    DOCKET NO. 6:25-cv-00912
    A249-137-509                                             SECTION P

VERSUS                                      JUDGE DAVID C. JOSEPH

WARDEN, SOUTH LOUISIANA              MAGISTRATE JUDGE AYO
ICE PROCESSING CENTER, ET AL

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §
2241 by *pro se* petitioner Iana Kim on June 26, 2025.  (Rec. Doc. 1).

This matter has been referred to the undersigned for review, report, and
recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.
For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and
**DISMISSED WITHOUT PREJUDICE.**

### I.      BACKGROUND

Kim filed a petition for writ of habeas corpus arguing that "DHS arrested the
Petitioner without warrant or probable cause in violation of 'federal law governing detention
and removal of immigrants.'" (Rec. Doc. 1 at 6).  She was taken into custody on May 10, 2024,
and a final order of removal was entered on April 17, 2025.  (*Id* at 5).  She asks this Court to
order the Respondents to immediately release her from custody without any conditions or
supervision.  (*Id*. at p. 7).

### II.     LAW & ANALYSIS

A district court may apply any or all of the rules governing habeas petitions filed
under 28 U.S.C. § 2254 to those filed under Section 2241.  *See* Rule 1(b), Rules Governing §
2254 Cases in the United States District Courts.  Rule 4 of the Rules Governing § 2254 Cases

authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, the Court reviews the pleadings and exhibits before it to determine whether any right to relief is indicated, or whether the petition must be dismissed.

Kim has been in post-removal order detention since April 17, 2025.  Under Section 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that Section 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id*.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Kim's removal order was entered on April 17, 2025, she has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, her habeas petition should be dismissed as premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v.*

*Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

Furthermore, to the extent Kim challenges the removal order, this Court lacks jurisdiction over a challenge to its validity. Rather, that authority lies solely with the appropriate circuit court of appeals. *Quiceno v. Segal*, 2023 U.S. Dist. LEXIS 989548, *6 (D. Minn. April 21, 2023) (citing U.S.C. § 1252 (a)(5)); *Tostado v. Carlson,* 481 F.3d 1012, 1014 (8th Cir. 2007) ("[A] petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion."); *Anyanwu v. Bd. of Immigration Appeals*, Civ. No. 18-707 (NEB/TNL), 2018 U.S. Dist. LEXIS 187357, 2018 WL 5660158, at *3 (D. Minn. Sept. 27, 2018) (holding district court lacked jurisdiction to consider petitioner's habeas challenge to his deportation order).

## III.   CONCLUSION

For the reasons stated above, Kim's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 8th day of August, 2025.

David J. Ayo
United States Magistrate Judge